UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Michael F.Ramsey,91B2334,
   plaintiff,

05 CV 0047

-v-

Glenn S.Goord, Donald Selsky, Mr.Ryerson, Thomas G. Egen,
John H.Nuttall, Michael McGinnis, Paul Chappius, A.Bartlett,
M.Sheahan, J.Irizarry, J.Hale, J.Cieslak, Sgt.Litwilder,
J.Ames, C.O.Clark, C.O.Held, and P.Klatt.
         defendants,

1:      Statement of jurisdication

  This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the constitution of the United States. This action is brought pursuant to 42 U.S.C. section 1983,the court has jurisdiction over the action pursuant to 28 U.S.C. sections 1331,1343 (3) and (4),and 2201.

2:      Parties To This Action

Plaintiff:
    Michael F.Ramsey,91B2334,is presently incarcerated at the Southport correctional facility,P.O.Box 2000,Pine City,New York,14871

Defendants Information:
  1. Glenn S.Goord is the commissioner of the New York State department of correctional services,his address is: The Harriman State Campus,1220, Washington Ave.,Albany New York,12226-2050.

  2. Donald Selsky is the director of special housing/inmate disciplinary program for the New York State department of correctional services, his adress is: The Harriman State Campus,1220 Washington Ave.,Albany, New York,12226-2050.

3. Mr. Ryerson is a civilian employee at the Elmira correctional facility who was designated to preside over superintendents hearings his address is: Elmira correctional facility, P.O.Box 500, Elmira, New York 14902.

4. Thomas G.Eagen is the director of the department of correctional services inmate grievance program, his address is: The Harriman State Campus 1220 Washington ave. Albany New York 12226-2050.

5. John H.Nuttall is the deputy commissioner of the department of correctional services program services, his address is: The Harriman State Campus 1220 Washington ave. Albany New York 12226-2050.

6. Michael McGinnis is the superintendent of the Southport correctional facility, his address is: Southport correctional facility, P.O.Box 2000, Pine City, New York 14871.

7. Paul Chappius is acting superintendent at the Southport correctional facility, his address is: P.O Box 2000, Pine City, New York 14871.

8. A.Bartlett is the assistant deputy superintendent for program services at the Southport correctional facility, her address is: Southport correctional facility, P.O.Box 2000, Pine City, New York 14871.

9. M.Sheahan is a captain of correction officers at the Southport correctional facility, his address is: Southport correctional facility P.O.Box 2000, Pine City, New York 14871.

10. J.Irizarry is the food service administrator at the Southport correctional facility, his address is: Southport correctional facility, P.O.Box 2000, Pine City, New York 14871.

11. J.Hale was the inmate grievance program supervisor at the Southport correctional facility, his address is: Southport correctional facility, P.O.Box 2000, Pine City, New York 14871.

12. J.Cieslak is the inmate grievance program supervisor at the Southport correctional facility, his address is: Southport correctional facility, P.O.Box 2000, Pine City, New York 14871.

13. Sgt. Litwilder is a sergeant of correction officers at the Southport correctional facility, her address is: Southport correctional facility, P.O.Box 2000, Pine City, New York 14871.

14. J.Ames is a correction officer at the Southport correctional facility, his address is: Southport correctional facility, P.O.Box 2000, Pine City, New York 14871.

15. C.O.Clark is a correction officer at the Southport correctional facility, his address is: Southport correctional facility, P.O.Box 2000, Pine City, New York 14871.

16. C.O. Held is a correction officer at the Southport correctional facility, his address is: Southport correctional facility, P.O.Box 2000, Pine City, New York 14871.

17. P.Klatt is a counselor at the Southport correctional facility, her address is: Southport correctional facility, P.O.Box 2000, Pine City, New York 14871.

3.                Previous Law Suits

Relating to the facts of this case:

A. The only suit that I have filed which relate to the facts raised in this action is an article 78 proceeding, matter of Ramsey v Goord, index No. 6326-02, Albany county Supreme court, before Hon. Thomas W.Keegan, which was filed on or about September 16, 2002, and dismissed as moot after respondents administrative reversal of the challinged determination. I appealed to the appellate division, third department under docket No.93635. said appeal was dismissed as untimely.

Relating to my imprisonment:

B. I have previously filed the following law suits, in federal court, relating to my imprisonment:

1. Matter of Ramsey v Irvin, (No. 89-cv-1455, N.D.N.Y.), Before U.S. magistrate Judge Daniel Scalon, Jr. dismissed on summary judgement motion.

2. Matter of Ramsey v Squires, (No. civ. 91-6352T W.D.N.Y.), dismissed on summary judgement motion.

3. Matter of Ramsey v Coughlin, (No. 93-cv-365S W.D.N.Y.), before Hon. William M. Skretny, settled before trial.

4. Matter of Ramsey v Busch, (No. 93-cv-721S W.D.N.Y.), Before U.S. magistrate Judge Leslie G. Foschio, dismissed for alleged collateral estoppel.

5. Matter of Ramsey v Coughlin, (No. 94-cv-0844, N.D.N.Y.), before U.S. magistrate Judge Gustave J. DiBianco, settled before trial.

6. Matter of Ramsey v Coughlin, (No. 94-cv-9S, W.D.N.Y.), before U.S. magistrate Judge Leslie G. Foschio, dismissed on summary judgement motion for alleged failure to state a claim.

4.                Statement of Claims

FIRST CLAIM:

1. On July 15, 2002, I was brought before hearing officer Mr. Ryerson, who presided over a superintendents hearing held aganist me at the Elmira correctional facility.

2. During said hearing, defendant Ryerson deprived me of the following due process rights:

A. The right to call witnesses;

B. The right to employee assistance;

C. The right to hear and to respond to the evidence considered aganist me.

D. The right to have the entire hearing electronically recorded;

3. Defendant Ryerson concluded said hearing on July 24, 2002, finding me guilty of all charges and sentenced me to six (6) months punitive confinement with six(6) months loss of good time and all privilages.

4. I appealed defendant Ryerson's determination to defendant Goord on July 24, 2002, and filed a supplement to said appeal on August 8, 2002.

5. By notice dated August 21, 2002, I was advised by defendant Selsky that my appeal was denied and that defendant Ryerson's determination was affirmed.

6. All of the punitive confinement time that I served, as a result of defendant Ryerson's determination and defendants Goord and Selsky's unreasonable affirmation, was served at the Southport correctional facility were I was hand-cuffed, chained, and shackled every time I was allowed out of my cell for any reason, includung during my one (1) hour a day excercise, family visits, medical examinations, interviews and showers.

7. The constitutional basis for this claim under 42 U.S.C. section 1983 is due process and malicious prosecution.

8. I requested compensatory and punitive damages aganist defendants Ryerson, Goord and Selsky as follows:

A. $14,550. (fourteen thousand five hundred and fifty dollars) compensatory damages, and,

B. $150,000. (one hundred fifty thousand dollars) punitive damages.

SECOND CLAIM:

1. On August 6,2002,I sent a complaint to defendant Goord in which I criticized certain false and inaccurate statements defendant Goord made in the August,2002,"DOCS today" newsletter,which is published by the department of correctional services,I also complained of the conditions and treatment I was subject to,and compared correction officers conduct and actions to those of the ku-klux-klan,alqueda and Hitler's gestopo.

2. To punish and retaliate aganist me for filing my complaint of August 6,2002,defendant Goord ordered defendant Selsky to deny my administrative appeal which was filed on July 24,2002.

3.By notice dated August 21,2002,defendant Selsky advised me that my administrative appeal was denied.

4. There is no departmental policy for filing a grievance aganist the commissioner of the department of correctional services,so on August 23,2002,I sent a letter of complaint directly to defendant Goord in which I again pointed out the blatant due process violations which were committed by defendant Ryerson during the hearing,and explained to defendant Goord that I was aware of the fact that he (defendant Goord) and defendants Selsky's refusal to reverse was unreasonable,frivolous and maliciously done to retaliate aganist and punish me for my complaint of August 6,2002.

5. On August 23,2002,I also sent a seprate letter to the New York State Attorney General (with a copy of my August 23,2002,complaint to defendant Goord attached) in which I explained the situation regarding the retaliation and ask the attorney general to advise defendants Goord and Selsky to take appropriate action to correct these issues.

6

6. On or about September, 2002, I received another letter from defendant Selsky in which he stated that no further action would be taken by him (Selsky) or defendant Goord in regards to said hearing, appeal or complaint of retaliation.

7. After exhausting all administrative remidies I filde a petition pursuant to article 78 of the civil practice law and rules, challenging defendant Ryerson's determination and defendants Goord and Selsky's unreasonable and malicious refusal to reverse.

8. To make my stay in punitive confinement last longer, to punish me further for my August 6, 200, letter of complaint, defendant Goord requested several lenthly delays and unnecessary extentions, under the pretext of obtaining records which were readily avaible to him, and then refused to submit an answer to my petition or the transcripts of the challenged hearing.

9. Instead of filing an answer and producing the transcripts of the hearing, defendant Goord delayed as long as possible and then administratively reversed defendant Ryerson's determination and then moved to dismiss my petition as moot.

10. The constitutional basis forthis claim under 42 U.S.C section 1983 is due process, malicious prosecution, free speech, right to petition and equal protection.

11. I requested compensatory, punitive and declaratory damages aganist defendants Goord and Selsky as follows:
   A. $200,000. (two hundred thousand dollars) compensatory damages.
   B. $2,500,000. (two million five hundred thousand dollars) punitive damages, and.
   C. A declaratory judgement finding defendant's refusal to reverse frivolous and his administrative actions, after my petition was filed, malicious and done in bad faith.

THIRD CLAIM:

1. From February 23,2004,until January,2005,I was deprived of the right tp practice my religion,discrimnated aganist and persecuted because of my religious beliefs; and,retaliated aganist and punished for filing grievances and complaints about said actions.

2. The discrimination began on February 23,2004,when I arrived at the Southport correctional facility and occurred as follows:
    A. Only the Jewish class of inmates are forced to wait ten (10) to twenty (20) days,upon our arrival at this facility,before we are provided with a diet which conforms to our religious dietary laws;
    B. Only the Jewish class of inmates are disciplined for giving away food that we do not eat or want;and,
    C. Only the Jewish class of inmates are denied"meat-alternatives" for the meat items that are on the kosher menu.

3. On February 25,2994,I filde grievance No. spt-29346-04 complaining of this discrimination and no action was taken to correct it.

4. On or about March 4,2004, I appealed said grievance to defendant McGinnis who refused to take corrective action and directed defendant Chappius to dismiss my grievance.

5. On March 17,2004,I appealed said grievance to defendant Eagen who also refused to take corrective action.

6. I wrote letters to defendant Goord on August 13,2004,and August 19,2004,complaining of,and asking for relief from,said discriminatory policies and practices,Defendant Goord refused to take corrective action.

7. On August 31,2004,I wrote another letter to defendant Eagen about said discriminatory policies and practices,defendant Egen again refused to take corrective action.

8

    8. The constitutional basis for this claim under 42 U.S.C. section 1983 is religion, due process, equal protection and discrimination.

    9. I request compensatory and punitive damages, as well as injunctive relief, aganist defendants Goord, Egen, McGinnis and Chappius as follows:
    A. $10,000. (ten thousand dollars) compensatory damages;
    B. $20,000. (twenty thousand dollars) punitive damages; and,
    C. An injunctive order directing defendants to stop all of their discriminatory policies and practices.

<u>FOURTH CLAIM:</u>
    1. On or about July 27, 2004, I was a witness to an incident which involved defendant Clark and an Jewish inmate. On July 29, 2004, at approximatley 10:30 A.M, I was interviewed by defendant Klatt, about the July 27, 2004, incident involving defendant Clark, and I gave her (defendant Klatt) a memo and written statement aganist defendant Clark.

    2. Defendant Klaat, who was acting as the Jewish inmates employee assistant, took said memo and statement and turned them over to defendant Held instead of giving them to the inmate who she was assisting.

    3. To punish and retaliate aganist me for giving said statement and evidence aganist defendant Clark, defendant Held, on July 29, 2004, at approximatley 11:00 A.M, advised me that he (defendant Held) was going to have me removed from the kosher meal program.

    4. Shortly thereafter, at approximatley 11:30 A.M, on July 29, 2004 the lunch meal was served on my company and defendant Held refused to feed me.

    5. When the evening meal was served at approximatley 5:00 P.M, on July 29, 2004, I was not provided with a kosher meal, instead, I was given a regular non-kosher meal that night and every day thereafter.

    6. On or about July 30, 2004, I received a letter/notice, dated July 29, 2004, from defendant Irizarry stating that he (Irizarry) had unilaterially removed me from the kosher meal program for allegedly violating a facility rule.

7. I was never afforded notice of the charges, a hearing or due process of any kind.

8. On July 29,2004, I filed grievances No.Spt-30720-04, Spt-30755-04 and Spt-30787-04, relating to the incidents of July 29,2004.

9. By letter dated August 4,2004, I appealed defendant Irizarrys decision and actions to defendant McGinnis and attached two (2) affidavits from two (2) witnesses.

10. On or about August 4,2004, the facility Rabbi spoke to defendant McGinnis and advised McGinnis that Irizarry's decision and actions were unauthorized, violated my religious dietry laws, and that I should be immidiatley returned to the kosher meal program.

11. Defendant McGinnis disregarded the Rabbi and directed defendant Sheahan to send me a memo, dated August 10,2004, which affirmed and re-inforced Irizarry's decision and actions.

12. On August 12,2004, I filed grievance No. Spt-30910-04 relating to defendant Klatt's turning over my statement and memo to defendant Held.

13. On August 13,2004, I appealed defendants McGinnis and Sheahan's affirmation of defendant Irizarry's decision and actions to defendant Goord, in this appeal I also complained of the long term discriminatory policies and practices that were still being carried out aganist me (and all Jewish inmates) at this facility.

14. On August 17,2004, defendant Held conducted a retalitory raid on my cell and confiscated copies of the two (2) eyewitness affidavits which were sent to defendant McGinnis August 4,2004, as well as all of my postage stamps, this was detailed in grievance No.Spt-30925-04.

15. On August 19,2004, I sent defendant Goord a supplement to my August 13,2004, appeal, in this supplement I clearly and specifically explained defendants McGinnis and Sheahan's efforts to cover up and mis-represent the facts relating to Irizarrys decision and actions and their (defendants McGinnis and Sheahan) failure to take actions.

16. On August 31,2004,defendant Clark threatened me,about my grievances and complaints,and then conducted a retalitory raid on my cell during which he vandalized my personal property and legal papers this was detailed in grievance No. Spt-31054-04.

17. On September 4,2004,I began receiving my kosher meals again.

18. On or about September 9,2004,I received a letter,dated September 7,2004,from defendant Nuttall stating that since I was again receiving my kosher meals,"the issue closed".

19. None of the issues raised in my appeals,to defendants Goord and McGinnis,were addressed; none of the discrimination problems resolved; and Irizarry's unilateral decision was not reversed.

20. By letter dated September 14,2004,I again asked defendant Goord to take action to resolve the religious discrimination and due process issues complained of in my many appeals and complaints.

21. Defendant Nuttall again responded on behalf of defendant Goord,in a letter dated October 20,2004,and re-iterated that no actions would be taken to resolve the issues raised in my many appeals and complaints and advised me to file additional grievances.

22. On October 25,2004,I filed two (2) additional grievances and, on October 26,2004,sent another letter to defendant Goord pleading for him to take corrective actions to resolve the religious discrimination and due process issues.

23. By letter dated November 15,2004,defendant Nuttall,once again made it clear that no corrective action would be taken by or on behalf of defendant Goord to resolve the issues complained of.

24. In a letter dated October 26,2004,defendant Cieslak stated that my grievances filed on October 25,2004,would not be filed or processed. I appeal this decision to defendant's McGinnis and Eagen who both affirmed defendant Cieslak's decision and refused to take action on said grievances.

25. The constitutional basis for this claim under 42 U.S.C. section 1983 is religion, free speech, due process, equal protection, failure to protect, right to petition, malicious prosecution and discrimination.

26. I request compensatory and punitive damdges aganist defendants Goord, McGinnis, Eagen, Nuttall, Sheahan, Irizarry, Klatt, Held, and Clark as follows:
   A. $1,000,000.(one million dollars)compensatory damages;and,
   B. $2,500,000.(two million five hundred thousand dollars) punitive damages.

FIFTH CLAIM:

1. On February 25,2004, defendants J.Ames and Sgt.Litwilder confiscated all my writing paper and carbon paper.

2. Between February 23,2004, and March 8,2004, I was denied writing materials from the law library.

3. On February 28,2004, I wrote a letter of complaint to defendant McGinnis advising him of the fact that:A.my writing and carbon paper had been confiscated; B. I was being denied writing materials from the law library; C. I had an enormous amount of legal work to do on five (5) active cases, which included the filing of appellate briefs, motions, replies and address change notices in five (5) different cases; and, that per memorandum issued by former superintendent R.J.McClellan, dated November 1,1993, all inmates arriving at the Southport correctional facility would be permitted to have their writing and carbon paper from our personal property.

4. Defendant Bartlett issued a memorandum/decision in March,2004, in which she affirmed, on defendant McGinnis behalf, defendants Ames and Litwilder's confiscation of my writing and carbon paper.

5. On February 25,2004,I filed a grievance No.spt-29386-04,about the confiscation of my writing and carbon paper,this grievance was dismissed and I appealed it to defendant McGinnis who had defendant Chappius respond,in a decision dated March 25,2004,affirming the confiscation of my writing and carbon paper.

6. On March 26,2004,I appealed to defendant Eagen who also affirmed the confiscation of my writing and carbon paper.

7. On February 28,2004, I filed a grievance about the law library refusing to provide me with writing materials,defendant J.Hale refused to process or to respond to this grievance.

8. I appealed this grievance of February 28,2004, to defendant McGinnis,on March 17,2004,and he refused to take action,where upon I appealed to defendant Eagen who also refused to take action.

9. I again addressed this grievance in a letter to defendant Eagen dated,August 31,2004,and again defendant Eagen refused to act.

10. Between June 7,2004,and June 14,2004,I was again being denied writing mwterials from the law library and not being allowed to have my briefs and affidavits bond in accordance with section 670.10.1(C) of the rules of the appellate division,second department,as a direct result of this my papers were rejected by the court for those reasons.

11. I filed grievance No.spt-30891-04 about the use of a stapler and having my legal papers properly bond in accordance with rules of the court.

12. This grievance was dismissed on August 25,2004,and I appeal it through the grievance office,to defendant McGinnis on August 26,2004.

13. When I did not receive a reply to said appeal by September 15,2004,I sent a direct appeal to defendant McGinnis who responded in memo dated September 17,2004.

14. By letter dated September 28,2004,I appealed to defendant Eagen who also refused to take corrective action.

15. I wrote additional letters to defendant Cieslak on September 2,2004,and October 26,2004,regarding grievance No.Spt-30891-04 pleading with him to take corrective action,defendant Cieslak refuse and,in a memo dated October 25,2004,stated I would need to obtain a court order in order to use a stapler or to have my briefs and other papers stapled.

16. The constitutional basis for this claim under 42 U.S.C. section 1983 is access to court,right to petition,due process.

17. I request compensatory and punitive damages aganist defendants Ames,Litwilder,McGinnis,Bartlett,Chappius,Eagen,Hale and Cieslak as follows:
    A,$90,000. (ninty thousand dollars) compensatory damages; and,
    B. $270,000. (two hundred seventy thousand dollars) punitive
        damages.

5.                          EXHAUSTION

1. I have filed grievances on all issues in this action were the grievance process was available,with all final decisions attached hereto.

2. In case were there was an appeal process and grievance was not available or appropriate,I have appealed and exhaisted the appeal process,those final decision are also attached hereto.

3. This complaint is actionable pursuant to the first,fourth, fifth,eigth,and fourteenth amendments to the U.S.constitution.

6. <u>RELIEF</u>

I request relief, in addition to declartory and injunctive relief as follows:

First claim, $164,550.
Second claim, $2,700,000.
Third claim, $   30,000.
Fourth claim, $3,5000,000.
Fifth claim, $  360,000.
$6,824,550. (six (6) million eight (8) hundred twenty four thousand five (5) hundred fifty dollars)

A Jury trial is requested.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: January 10, 2005

MICHAEL F. RAMSEY, PRO-SE

15