UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL F. RAMSEY,

          Plaintiff,

    v.

GLENN S. GOORD, DONALD SELSKY,
MR. RYERSON, THOMAS G. EGEN, JOHN
H. NUTTALL, MICHAEL McGINNIS, PAUL
CHAPPIUS, JR., A. BARTLETT, M. SHEAHAN,
J. IRIZARRY, J. HALE, J. CIESLAK,
SGT. LITWILDER, J. AMES, C.O. CLARK,
C.O. HELD, and P. KLATT,

          Defendants.

              **REPORT**
              **and**
        **RECOMMENDATION**

        **05-CV-047A(F)**

_____

APPEARANCES:    MICHAEL F. RAMSEY, *Pro Se*
          91-B-2334
          Downstate Correctional Facility
          Box F
          Red Schoolhouse Road
          Fishkill, New York 12524-0445

          ANDREW M. CUOMO
          ATTORNEY GENERAL, STATE OF NEW YORK
          Attorney for Defendants
          KIM S. MURPHY
          Assistant Attorney General, of Counsel
          107 Statler Towers
          Buffalo, New York 14202

## <u>JURISDICTION</u>

    This action was referred to the undersigned by Hon. Richard J. Arcara on

November 18, 2005 for resolution of pretrial motions including report and

recommendation on dispositive motions.  The matter is presently before the court on

Defendants' motion to dismiss (Doc. No. 15), filed July 28, 2006.

## BACKGROUND and FACTS[1]

Plaintiff commenced this civil rights action *pro se* on January 25, 2005, alleging Defendants, various employees of New York Department of Corrections, denied Plaintiff his rights to religious freedom, due process and access to the courts.  Plaintiff's motion for permission to proceed *in forma pauperis* (Doc No. 3), filed January 25, 2005, was granted by Hon. William M. Skretny on August 15, 2005 (Doc. No. 4).

On July 28, 2006, Defendants filed the instant motion ("Defendants' Motion") seeking to strike the complaint pursuant to 28 U.S.C. § 1915(g), along with a Memorandum of Law (Doc. No. 16) (Defendants' Memorandum"), and the Declaration of Assistant Attorney General Kim S. Murphy (Doc. No. 17) ("Murphy Declaration"), with attached exhibits ("Defendants' Exh(s)__").  In opposition to Defendants' Motion, Plaintiff filed on August 24, 2006, a Memorandum of Law (Doc. No. 20) ("Plaintiff's Memorandum").  Oral argument was deemed unnecessary.

Based on the following, Defendants' Motion should be DENIED.

## DISCUSSION

Enacted as part of the Prison Litigation Reform Act ("the PLRA"), Pub. L. No. 104-134, § 804(d), 110 Stat. 1321 (1996), 28 U.S.C. § 1915 provides in pertinent part that a prisoner cannot

> bring a civil action . . . or proceeding [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g) ("§ 1915(g)" or "the three-strikes rule").

Defendants argue in support of dismissal that Plaintiff has, prior to commencing the instant action, filed at least three actions that have been dismissed as frivolous or for failure to state a claim, and that in his current action, Plaintiff does not claim that he is in danger of any imminent serious harm.  Defendants' Memorandum at 2-3. Specifically, Defendants point to three actions commenced by Plaintiff prior to the instant action, including *Ramsey v. Gannett Rochester*, No. 92-CV-751A (W.D.N.Y. Nov. 12, 1992) ("Gannett Rochester"), *Ramsey v. Irvin*, No. 89-CV-1845 (N.D.N.Y. Dec. 14, 1989) ("Irvin"), and *Ramsey v. Busch*, No. 93-CV-721F (W.D.N.Y. Sept. 10, 1993) ("Busch").  Murphy Declaration ¶¶ 5-7.

Plaintiff denies that he has filed three previous claims that were dismissed as frivolous or for failure to state a claim as Defendants assert and further maintains that insofar as such actions were dismissed prior to the enactment of the PLRA, the cases are outside toward the three-strikes rule.  Plaintiff's Memorandum at 3.  Plaintiff also contends that Defendants failed to interpose the three-strikes rule as an affirmative defense in the Answer and, as such, have waived the defense. *Id*. at 2-3.

Plaintiff's argument that actions dismissed as frivolous, malicious, or for failure to state a claim prior to the PLRA's enactment escape the three-strikes rule is incorrect. *Welch v. Galie*, 207 F.3d 130, 132 (2d Cir. 2000) (holding that "pre-§1915(g) dismissals for frivolousness, maliciousness, or failure to state a claim count as 'strikes' for purposes of § 1915(g).").  Nor were Defendants required to assert the three-strikes rule as an affirmative defense given that a court may raise the statutory bar on its own

3

initiative.  *See McFadden v. Parpan*, 16 F.Supp.2d 246, 247 (E.D.N.Y. 1998) (citing

*Witzke v. Killer*, 966 F.Supp. 538, 539 (E.D.Mich. 1997) (dismissing complaint *sua*

*sponte* under three-strikes rule where complaint was filed prior to PRLA's effective

date)).  *See also Gill v. Pidlypchak*, 2006 WL 3751340, * 5 (N.D.N.Y. Dec. 19, 2006)

(holding defendants' failure to assert three-strikes rule in prior motion to dismiss did not

estop Defendants from moving to revoke plaintiff's *in forma pauperis* status pursuant to

28 U.S.C. § 1915(g)).  Nevertheless, Defendants' motion to dismiss pursuant to 28

U.S.C. § 1915(g) should be DENIED because Defendants have failed to establish that

at least three of Plaintiff's previously filed actions were dismissed as frivolous,

malicious, or for failure to state a claim.

 In particular, although on December 24, 1992, Chief Judge Arcara issued an

Order (Doc. No. 3) dismissing *Gannett Rochester*, as frivolous pursuant to 28 U.S.C. §

1915(d), recodified at § 1915(e), and certifying that any appeal would not be taken in

good faith, it is not so clear that *Irvin* and *Busch* were similarly dismissed as without

merit, especially given that *Irvin* and *Busch* were dismissed on summary judgment,

rather than as frivolous or for failure to state a claim.

 The Second Circuit has recognized that not every dismissal of an action

constitutes a dismissal for purposes of the three-strikes rule.  *Tafari v. Hues*, 473 F.3d

440, 443 (2d Cir. 2007) (dismissal of appeal for lack of jurisdiction based on fact appeal

was filed prior to entry of district court's final order was not a "strike" under § 1915(g)).

Nor is a dismissal for failure to exhaust administrative remedies a "strike." *Id*. (citing

*Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999)).   Rather, the PLRA "was

designed to stem the tide of egregiously meritless lawsuits, not those temporarily

infected with remedial provisions or jurisdictional flaws." *Tafari*, *supra*, at 443.  To accomplish this goal, "the PLRA distinguishes between actions dismissed on the ground that they are 'frivolous,' 28 U.S.C. § 1915(g), those dismissed for 'failure to state a claim,' *id.*, those that impermissibly 'see[k] monetary relief against a defendant who is immune from such relief,' 28 U.S.C. § 1915(e)(2)(B)(iii), and those in which a prisoner has ' fail[ed] to exhaust administrative remedies,' 42 U.S.C. § 1997e(a)." *Id.* (bracketed material in original).  Further, "[t]he 'three-strikes' provision in the PLRA was designed to accomplish this goal by 'forc[ing prisoners] to go through the same thought process non-inmates go through before filing a suit, *i.e.*, is filing this suit worth the costs?" *Id.* Moreover, a dismissal on summary judgment is generally not considered within the parameters of the three-strikes rule's requirement that the actions be dismissed as frivolous, malicious, or for failure to state a claim.  *See Angelle v. Gibson*, 253 F.3d 704, 704 (5th Cir. 2001) ("Because the district court's dismissal for failure to state a claim acted as a grant of summary judgment, the district court's judgment does not count as a 'strike.'").  *See also Weber v. Gathers*, 2006 WL 2796374, * 3 (D.S.C. Sept. 26, 2006) ("an action proceeding to the summary judgment stage can rarely be characterized as 'frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted' pursuant to 28 U.S.C. § 1915(g)."); and *Walker v. Kirschner*, 1997 WL 698190, * 2 (S.D.N.Y. Nov. 7, 1997) (declining to count a dismissal on summary judgment toward the three-strike rule as "[t]he plain language of Section 1915(g) speaks only of dismissals based on frivolity, maliciousness and failure to state a claim; the statute does not mention summary judgment.").

        As relevant to the instant case, on January 30, 1995, the Second Circuit affirmed

the district court's dismissal of the *Irvin* on summary judgment, stating that the appeal was "so indisputably lacking in merit as to be frivolous."  Defendants, however, have not attached a copy of that decision and it is not clear from the docket entry whether the Second Circuit's statement that the appeal was "so indisputably lacking in merit as to be frivolous" refers only to the issues raised on appeal, or whether all the issues asserted before the district court similarly were without merit.  *See Irvin*, Judgment of United States Court of Appeals (Doc. No. 37), filed January 30, 1995.  It does not necessarily follow that because arguments on appeal were dismissed as frivolous, the claims before the trial court were dismissed for the same reason.

Furthermore, although the undersigned, on August 25, 198, granted summary judgment in favor of the defendants in *Busch*, at issue in *Busch*, was whether Plaintiff's civil rights were violated when corrections officers at the correctional facility in which Plaintiff was then incarcerated failed to protect Plaintiff from an attack in which another inmate threw feces and urine on Plaintiff.  *Busch*, August 25, 1998 Decision and Order (Doc. No. 64) at 4-6.  Although summary judgment in that case was granted in favor of the defendants, the facts as recited by Plaintiff were not disputed by the defendants.  *Id*.  Further, the court found that Plaintiff had stated an Eighth Amendment claim, *id.* at 10, and summary judgment on the claim was granted based on qualified immunity and *res judicata*.

Because the record does not establish that both *Irvin* and *Busch* were dismissed as frivolous or for failure to state a claim, neither case counts toward the three-strike rule and, thus, Defendants' motion to dismiss should be DENIED.

## **CONCLUSION**

Based on the foregoing, Defendants' motion to dismiss (Doc. No. 16) should be DENIED.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:       March 23 , 2007
             Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:        March 23, 2007
              Buffalo, New York